UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KIMBERLY ANN WELLS,

    Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

No. 1:17-CV-03144-LRS

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,** *INTER ALIA*

**BEFORE THE COURT** are the Plaintiff's Motion For Summary Judgment (ECF No. 14) and the Defendant's Motion For Summary Judgment (ECF No. 15).

## JURISDICTION

Kimberly Ann Wells, Plaintiff, applied for Title II Social Security Disability Insurance benefits (SSDI) and Title XVI Supplemental Security Income benefits (SSI) on May 9, 2011. The applications were denied initially and on reconsideration. Plaintiff timely requested a hearing which was held on April 30, 2013, before Administrative Law Judge (ALJ) Wayne N. Araki. Plaintiff testified at the hearing, as did Vocational Expert (VE) Kimberly Mullinax. On June 24, 2013, the ALJ issued a decision finding the Plaintiff not disabled. The Appeals Council denied a request for review of the ALJ's decision, making that decision the Commissioner's final decision subject to judicial review. Plaintiff appealed to federal district court and on February 18, 2016, the court granted Plaintiff's motion for summary judgment and

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 1**

remanded the matter to the Commissioner for further proceedings. (ECF No. 31 in 1:15-CV-03033-JTR).

A second administrative hearing was held on February 13, 2017, before ALJ Araki. Plaintiff testified at the hearing, as did VE Mullinax. On June 15, 2017, the ALJ issued a decision finding the Plaintiff disabled as of April 27, 2014 and awarding her SSI benefits. Plaintiff, however, was not awarded SSDI benefits since her date last insured for those benefits was September 30, 2011. The Appeals Council denied a request for review of the ALJ's decision, making that decision the Commissioner's final decision subject to judicial review. The Commissioner's final decision is appealable to district court pursuant to 42 U.S.C. §405(g) and §1383(c)(3).

## STATEMENT OF FACTS

The facts have been presented in the administrative transcript, the ALJ's decision, the Plaintiff's and Defendant's briefs, and will only be summarized here. Plaintiff has a high school education and past relevant work experience as a dispatcher, night auditor, and customer service representative. She alleges disability since December 31, 2008, on which date she was 38 years old.

## STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence...." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 2**

S.Ct. 1420 (1971). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Beane v. Richardson*, 457 F.2d 758, 759 (9th Cir. 1972); *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir. 1982).

It is the role of the trier of fact, not this court to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

A decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

## ISSUES

Plaintiff argues the ALJ erred in finding Plaintiff was not disabled prior to April 27, 2014, her date last insured for SSDI benefits. More specifically in that regard, Plaintiff argues the ALJ erred in: 1) improperly assessing the medical opinion evidence; and 2) failing to provide specific, clear and convincing reasons for discounting Plaintiff's testimony regarding her symptoms and limitations.

## DISCUSSION
**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 3**

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A) and § 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work but cannot, considering her age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. *Id*.

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287 (1987). Step one determines if she is engaged in substantial gainful activities. If she is, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i). If she is not, the decision-maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii) and 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpart P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step which determines whether the impairment prevents the claimant from performing work she has performed in the past. If the claimant is able to perform her previous work, she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv). If the claimant cannot perform this work, the fifth and final step in the process determines whether she is able to perform other

work in the national economy in view of her age, education and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and 416.920(a)(4)(v).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ALJ'S FINDINGS**

The ALJ found the following:

1) Between December 31, 2008 and December 31, 2011, Plaintiff had "severe" medically determinable impairments of obesity and degenerative disc disease of the cervical spine;

2) Beginning on January 1, 2012 through April 26, 2014, Plaintiff had "severe" medically determinable impairments of obesity and degenerative disc disease of the cervical spine, depressive disorder, somatoform disorder, and personality disorder;

3) Beginning April 27, 2014, Plaintiff had "severe" medically determinable impairments of obesity and degenerative disc disease of the cervical spine, hip disorder, chronic otitis media, depressive disorder, somatoform disorder, and personality disorder;

4) Plaintiff's impairments do not meet or equal any of the impairments listed in 20 C.F.R. § 404 Subpart P, App. 1;

///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 5**

5) Between December 31, 2008 and December 31, 2011, Plaintiff had the Residual Functional Capacity (RFC) to perform light work, defined as lifting and/or carrying up to 20 pounds occasionally and 10 pounds frequently, standing/walking up to two hours, and sitting up to two hours at a time; able to occasionally stoop, kneel, crouch, balance and climb ramps and stairs; unable to crawl or climb ladders, ropes or scaffolds; able to frequently reach, finger, and handle bilaterally.

6) Between January 1, 2012 and April 26, 2014, Plaintiff had the same physical RFC and her mental RFC was such that she was able to remember and carry out instructions for tasks generally required of occupations with a specific vocational preparation (SVP) of one or two[1]; should be able to complete job tasks without the assistance of others, but occasional assistance would be tolerated; could have occasional, superficial interaction with the general public and occasional interaction with co-workers and supervisors.

7) Beginning April 27, 2014, Plaintiff has the RFC to perform sedentary work defined as lifting and/or carrying up to 10 pounds occasionally and 10 pounds frequently[2], standing and/or walking for 15 minute intervals for up to two hours a day, and sitting for one to two hour intervals for up to eight hours a day. Her postural and manipulative capacities remained as before, as did her mental RFC, but she would

---

[1] An SVP of 1 requires only a short demonstration. An SVP of 2 requires anything beyond short demonstration up to and including one month. *Dictionary of Occupational Titles* (Rev. 4th ed.)(U.S. Dept. of Labor, 1991). See also https://www.onetonline.org/help/online/svp.

[2] The lifting requirements recited by the ALJ for sedentary work are not in accord with those specified in 20 C.F.R. §404.1567(a) and 416.967(a) which are lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools.

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 6**

likely miss at least 16 hours of work per month on a sustained basis; would likely need to take rest breaks in addition to normally scheduled breaks as needed for up to 15 to 30 minutes; and would need to change positions after standing for 15 minutes or after sitting for one to two hours.

      8) Between December 31, 2008 and December 31, 2011, Plaintiff was capable of performing her past relevant work as a dispatcher, night auditor, and customer service representative.

      9) Between January 1, 2012 and April 26, 2014, Plaintiff was not capable of performing the aforementioned past relevant work, but she was capable of performing other jobs existing in significant numbers in the national economy as testified to by the VE, including cleaner/housekeeper, production assembler and outside deliverer.

      10) Beginning on April 27, 2014, the Plaintiff's RFC precluded her from performing her past relevant work and other jobs existing in significant numbers in the national economy.

      Accordingly, Plaintiff became disabled on April 27, 2014 so as to be eligible for SSI benefits, but was not disabled prior thereto and therefore, ineligible for SSDI benefits.

**SYMPTOM TESTIMONY**

      Where, as here, the Plaintiff has produced objective medical evidence of an underlying impairment that could reasonably give rise to some degree of the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ's reasons for rejecting the Plaintiff's testimony must be clear and convincing. *Burrell v. Colvin,* 775 F.3d 1133, 1137 (9th Cir. 2014); *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). If an ALJ finds a claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit [the]

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 7**

claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir.2002). Among other things, the ALJ may consider: 1) the claimant's reputation for truthfulness; 2) inconsistencies in the claimant's testimony or between her testimony and her conduct; 3) the claimant's daily living activities; 4) the claimant's work record; and 5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Id*. Subjective testimony cannot be rejected solely because it is not corroborated by objective medical findings, but medical evidence is a relevant factor in determining the severity of a claimant's impairments. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

As in his June 2013 decision, the ALJ in his June 2017 decision found the Plaintiff was less than fully credible regarding the intensity, persistence and limiting effects of her symptoms. (ECF No. 31 in CV-15-3033-JTR at p. 12 and AR at p. 792) And as in his June 2013 decision, the ALJ in his June 2017 decision found Plaintiff's physical symptom reporting was not supported by longitudinal examination findings. (*Id*.). While acknowledging Plaintiff "has a longstanding history of complaints of pain related to her neck and upper extremities," the ALJ found that "[d]espite [Plaintiff's] ongoing complaints of pain during this time, the findings upon physical examination have been generally unremarkable." (AR at p. 792). As Magistrate Judge Rodgers pointed out in his order granting Plaintiff's motion for summary judgment and remanding for further administrative proceedings, objective medical evidence cannot be the sole reason supporting an adverse credibility finding. (ECF No. 31 in CV-15-3033-JTR at p. 12, citing *Rollins v. Massanari*, 261 F.2d 853, 857 (9th Cir. 2001)).

According to the Commissioner, the ALJ provided other reasons for discounting Plaintiff's symptom testimony. For example, the ALJ noted that Plaintiff was able to engage in a group class for chronic pain and "was able to fully participate and engage in the classes, providing insight to other participants." (AR at p. 795).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 8**

The ALJ concluded that this suggested Plaintiff's "mental health issues did not cause more than moderate limitations during this time." (*Id*.). It does not appear, however, that Plaintiff takes issue with what the ALJ concluded regarding Plaintiff's mental RFC. Plaintiff's focus is on her physical RFC and the ALJ's conclusion that beginning on April 27, 2014, there was a worsening of Plaintiff's physical impairments such as to limit her to sedentary work and rendering her disabled after that date, as compared to the period prior to April 27, 2014, during which the ALJ concluded the Plaintiff was not disabled because she was capable of performing light work. That the ALJ found Plaintiff's participation in chronic pain classes suggested she had no more than moderate mental limitations is not a reason for discounting Plaintiff's testimony regarding the severity of her physical symptoms.

In his June 2017 decision, the ALJ found the Plaintiff has certain non-severe impairments including hypertension, hyperlipidemia and diabetes mellitus for which she has been treated with medication. (AR at p. 790). According to the ALJ, it appeared Plaintiff had not always been "compliant" in taking these medications. (*Id*.). This is not a clear and convincing reason for discounting Plaintiff's testimony about symptoms related to her severe physical impairments- obesity and degenerative disease of the cervical spine. The ALJ apparently recognized this because he did not cite Plaintiff's failure to take medication for hypertension, hyperlipidemia and diabetes mellitus as a reason for discounting Plaintiff's complaints about pain related to degenerative disease of her cervical spine.

In sum then, as in his June 2013 decision, the only reason the ALJ essentially offered for discounting Plaintiff's physical symptom testimony was that it was not supported by the objective medical evidence. As a matter of law, this is insufficient.

//
//
//

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 9**

**MEDICAL OPINIONS**

It is settled law in the Ninth Circuit that in a disability proceeding, the opinion of a licensed treating or examining physician or psychologist is given special weight because of his/her familiarity with the claimant and his/her condition. If the treating or examining physician's or psychologist's opinion is not contradicted, it can be rejected only for clear and convincing reasons. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if specific, legitimate reasons that are supported by substantial evidence are given. *Id*. "[W]hen evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The opinion of a non-examining medical advisor/expert need not be discounted and may serve as substantial evidence when it is supported by other evidence in the record and consistent with the other evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Nurse practitioners, physicians' assistants, and therapists (physical and mental health) are not "acceptable medical sources" for the purpose of establishing if a claimant has a medically determinable impairment. 20 C.F.R. §§ 404.1513(a); 416.913(a). Their opinions are, however, relevant to show the severity of an impairment and how it affects a claimant's ability to work. 20 C.F.R. §§ 404.1513(d); 416.913(d).

In his June 2013 decision, the ALJ gave "little weight" to the opinions of John Naiden, M.D., Andres Laufer, M.D., Paula Renzi, D.O., and occupational therapist, Terri James, all of whom limited the Plaintiff to a sedentary work level. (ECF No. 31 in CV-15-3033-JTR at p. 9). He did so on the asserted basis that their opinions were inconsistent with the imaging findings and the physical examination findings. (*Id*.). In his order granting Plaintiff's motion for summary judgment, Magistrate Judge

Rodgers noted that stating "medical opinions are not supported by objective findings or are contrary to the preponderant conclusions mandated by the objective findings" does not meet the "specific and legitimate" standard. (ECF No. 31 in CV-15-3033-JTR at p. 10, quoting *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988)). The ALJ must do more than offer conclusions and is required to "set forth his interpretations and explain why they, rather than the doctors', are correct." (*Id*. at p. 11, quoting *Embrey*). Magistrate Judge Rodgers found the ALJ "simply repeated the objective findings, but did not explain why these objective findings merited weight, but the doctors' other conclusions and opinions did not." (*Id*.).

In reviewing the ALJ's June 2013 decision (ECF No. 11-2 to CV-15-3033-JTR at pp. 34-35), it does not appear to be significantly different from his June 2017 decision which again accorded little weight to the opinions of treating physicians, Drs. Laufer and Renzi, and occupational therapist Ms. James, on the basis the limitations opined by them are not supported by the physical and objective findings. (AR at pp. 73-74). As in his June 2013 decision, the ALJ, in his June 2017 decision, accorded great weight to the opinion of William Drenguis, M.D., who in November 2011, performed a consultative examination of the Plaintiff. He reviewed the medical record, including presumably the records of Drs. Laufer and Renzi. Dr. Drenguis opined that Plaintiff's maximum standing and walking capacity was six hours a day in an eight hour day; her maximum sitting capacity was six hours a day in an eight hour day, and her maximum lifting/carrying capacity was "20 pounds occasionally and 10 pounds frequently, **limited because of the sensory findings in the left arm**." (AR at p. 556)(emphasis added). Dr. Drenguis confirmed that Plaintiff had a limited cervical range of motion. (AR at p. 555). He also confirmed Plaintiff's diagnosis of fibromyalgia, finding Plaintiff was "tender in all the major muscle groups" (AR at p. 555) and would have a number of postural limitations due to "weakness and pain from the fibromyalgia." (AR at p. 556).

It would have been appropriate for the ALJ to rely on Dr. Drenguis for the ALJ's physical RFC conclusion, but for three reasons: 1) Dr. Drenguis seemingly suggests Plaintiff cannot perform the lifting requirements of light work (lifting/carrying 20 pounds occasionally and 10 pounds frequently) because of sensory issues regarding her left arm; 2) no adequate reason was given by the ALJ for discounting Plaintiff's symptom testimony; and 3) it is not readily apparent that Plaintiff's physical condition worsened after April 26, 2014, so as to materially distinguish it from her physical condition as it existed in March 2009.

As mentioned above, the ALJ found that after April 26, 2014, Plaintiff's physical RFC was reduced from light to sedentary work. He reached this conclusion because:

> I find that beginning on April 27, 2014, the [Plaintiff's] allegations regarding her symptoms and limitations are consistent with the evidence. The medical evidence of record from this time demonstrates worsening of the [Plaintiff's] physical impairments. Imaging of the cervical spine in February 2015 showed multi-level degenerative disc disease with neural foraminal narrowing at the C5-C7 levels. [Citation omitted]. The [Plaintiff] also began to receive treatment for referred otalgia from severe arthritis in her neck. This condition worsened such that [Plaintiff] began to experience dizziness and a spinning sensation. [Citation omitted]. . . . In addition to her chronic neck pain, the [Plaintiff] also began to endorse, and be treated for hip pain. [Citation omitted]. She underwent injections as well as therapy for her pain complaints. [Citation omitted].

(AR at p. 797).

The "Impression" from the February 2015 MRI of Plaintiff's cervical spine was as follows:

> Multilevel degenerative disc disease and uncovertebral hypertrophy most evident at the C4-C5, C5-C6 and C6-C7 levels. A mild degree of encroachment upon the neural foramina at C5-C6 and C6-C7 are **again identified**. Minimal narrowing of the spinal canal is identified at this level. **No interval change from the prior study of 05/23/2012 is observed**.

(AR at p. 1169)(emphasis added).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 12**

The "Impression" of the May 2012 MRI was "[s]mall central protrusions of C5-6 and C6-7 discs with mild stenosis of the canal similar to prior exam." (AR at p. 666). The "prior exam" was the one conducted in May 2009. (AR at pp. 388-89). The results of all three MRIs were essentially the same and therefore, the February 2015 MRI did not demonstrate a worsening of Plaintiff's cervical spine impairment.

As Plaintiff notes, her otalgia diagnosis (otherwise known as ear pain) dates back to December 2012 (AR at p. 775), and the medical record indicates complaints of dizziness dating back to April 2009 (AR at p. 463), with intermittent complaints of dizziness thereafter. As the ALJ pointed out, it was surmised that Plaintiff's otalgia was probably the result of severe arthritis in her neck. (AR at p. 1350). Plaintiff's complaints of hip pain date back to at least early 2012. (e.g, AR at p. 719).

There is not substantial evidence in the record justifying the ALJ's finding of a less limited physical RFC for the Plaintiff for the periods between December 31, 2008 and December 31, 2011, and between January 1, 2012 and April 26, 2012, compared to the period beginning April 27, 2014. Instead, substantial evidence in the record establishes that the physical RFC the ALJ found for the period beginning April 27, 2014, should be the same physical RFC that existed for Plaintiff beginning on March 24, 2009, when her treating physician, Dr. Laufer, opined Plaintiff was limited to sedentary work and to working only 1 to 10 hours per week. (AR at p. 619).

**REMAND**

Social security cases are subject to the ordinary remand rule which is that when "the record before the agency does not support the agency action, . . . the agency has not considered all the relevant factors, or . . . the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Treichler v. Commissioner of Social Security*

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 13**

*Administration*, 775 F.3d 1090, 1099 (9th Cir. 2014), quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S.Ct. 1598 (1985).

In "rare circumstances," the court may reverse and remand for an immediate award of benefits instead of for additional proceedings. *Treichler*, 775 F.3d at 1099, citing 42 U.S.C. §405(g). Three elements must be satisfied in order to justify such a remand. The first element is whether the "ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Id.* at 1100, quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). If the ALJ has so erred, the second element is whether there are "outstanding issues that must be resolved before a determination of disability can be made," and whether further administrative proceedings would be useful. *Id*. at 1101, quoting *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004). "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id*. Finally, if it is concluded that no outstanding issues remain and further proceedings would not be useful, the court may find the relevant testimony credible as a matter of law and then determine whether the record, taken as a whole, leaves "not the slightest uncertainty as to the outcome of [the] proceedings." *Id*., quoting *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n. 6 (1969). Where all three elements are satisfied- ALJ has failed to provide legally sufficient reasons for rejecting evidence, there are no outstanding issues that must be resolved, and there is no question the claimant is disabled- the court has discretion to depart from the ordinary remand rule and remand for an immediate award of benefits. *Id*. But even when those "rare circumstances" exist, "[t]he decision whether to remand a case for additional evidence or simply to award benefits is in [the court's] discretion." *Id*. at 1102, quoting *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989).

///

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 14**

The court finds all three elements are satisfied in this case. In light of the fact this case has already been remanded once to the Commissioner, the court exercises it discretion to award benefits to the Plaintiff.

## CONCLUSION

Plaintiff's Motion For Summary Judgment (ECF No. 14) is **GRANTED** and Defendant's Motion For Summary Judgment (ECF No. 15) is **DENIED**. The Commissioner's decision is **REVERSED**. Pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), this matter is **REMANDED** to the Commissioner for an award of Title II SSDI benefits based on Plaintiff becoming disabled as of March 24, 2009. An application for attorney fees may be filed by separate motion.

**IT IS SO ORDERED.** The District Executive shall enter judgment accordingly and forward copies of the judgment and this order to counsel of record.

**DATED** this \_\_\_12th\_\_\_ day of April, 2018.

*s/Lonny R. Suko*

LONNY R. SUKO
Senior United States District Judge

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 15**